IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03248-MSK-MJW

ALAN C. LAMMLE,

Plaintiff,

v.

BALL AEROSPACE & TECHNOLOGIES CORPORATION,

Defendant.

---

**RECOMMENDATION ON**
**DEFENDANT BALL AEROSPACE & TECHNOLOGIES CORPORATION'S**
**MOTION FOR PARTIAL DISMISSAL (Docket No. 21)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 2) issued by Judge Marcia S. Krieger on December 29, 2011.

**PLAINTIFF'S ALLEGATIONS**

Plaintiff Alan Lammle asserts the following in his Amended Complaint (Docket No. 16). Plaintiff began his employment with defendant Ball Aerospace & Technologies Corporation in January 2004 as a field technician. On June 10, 2008, plaintiff became ill with pancreatitis and was hospitalized for a period of close to a month. Plaintiff was initially provided short term disability, and later long term disability, before being cleared to return to work on March 2, 2009.

Upon returning to work, plaintiff found that his job responsibilities had changed. Plaintiff was moved from his office and was now assigned to work telephone support in

an entry level position. On March 31, 2009, plaintiff filed a Claim of Discrimination with the Equal Employment Opportunity Commission ("EEOC") in which plaintiff alleged discrimination based on age and perceived disability.

On June 13, 2009, plaintiff was again hospitalized for pancreatitis. As with the previous occurrence, plaintiff was placed on short term and then long term disability. In November 2010, plaintiff was informed by defendant's third-party insurance administrator that plaintiff was no longer disabled and was to return to work on December 1, 2010. Upon returning to work on December 1st, plaintiff was informed that his employment with defendant was terminated.

In the present matter, Claim One asserts breach of contract, Claim Two asserts discrimination based on the Americans with Disabilities Act, Claim Three asserts discrimination based on age, Claim Four asserts intentional infliction of emotional distress, Claim Five asserts retaliation, and Claim Six asserts wrongful termination.

**PENDING MOTION**

Now before the court for a report and recommendation is Defendant Ball Aerospace & Technologies Corporation's Motion for Partial Dismissal (Docket No. 21).

The court has carefully considered the Amended Complaint (Docket No. 16), defendant's motion and brief (Docket Nos. 21 & 22), plaintiff's response to defendant's motion (Docket No. 35), and defendant's reply (Docket No. 36). In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and recommendations.

Defendant argues the court lacks subject matter jurisdiction over plaintiff's

retaliation claim (Claim Five) because plaintiff failed to exhaust his administrative remedies. Further, defendant argues Claim Six must be dismissed because plaintiff's Amended Complaint fails to state all of the elements necessary for a wrongful termination claim under Colorado state law and because it is preempted by the Employee Retirement Income Security Act ("ERISA").

Under Rule 12(b)(1), a court may dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. See Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974). Motions to dismiss pursuant to Rule 12(b)(1) take two forms. First, a party may attack the facial sufficiency of the complaint, in which case the court must accept the allegations of the complaint as true. Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995). Second, if a party attacks the factual assertions regarding subject matter jurisdiction through affidavits and other documents, the court may make its own findings of fact. See id. at 1003. A court's consideration of evidence outside the pleadings will not convert the motion to dismiss to a motion for summary judgment under Rule 56. See id.

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Id. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Twombly, 550 U.S. at 570).

The Tenth Circuit Court of Appeals has held "that plausibility refers 'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012). The court has further "noted that '[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context.'" Id. The court thus "concluded the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" Id.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all

reasonable inferences in the plaintiff's favor. Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126-27 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions' . . . ." Khalik, 671 F.3d at 1190 (quoting Ashcroft v. Iqbal, 556 U.S. 662 (2009)). "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." Id.

**PLAINTIFF'S RETALIATION CLAIM**

Exhaustion of administrative remedies is a jurisdiction prerequisite to a private right of action under the Age Discrimination in Employment Act ("ADEA") and the Americans with Disabilities Act ("ADA"). See Shikles v. Sprint/United Mgmt. Co., 426 F.3d 1304, 1317 (10th Cir. 2005); McBride v. CITGO Petroleum Corp., 281 F.3d 1099, 1105 (10th Cir. 2002). Because it is a bar to subject matter jurisdiction, the burden is on the plaintiff to show exhaustion of administrative remedies. United States v. Hillcrest Health Ctr., Inc., 264 F.3d 1271, 1278 (10th Cir. 2001).

Defendant argues plaintiff failed to exhaust his administrative remedies in regard to his retaliation claim because, in the Charge of Discrimination filed with the EEOC, plaintiff checked "Age" and "Disability" but failed to check "Retaliation." See Docket No. 22, Ex. A. Citing to Jones v. United Parcel Serv., Inc., 502 F.3d 1176 (10th Cir. 2007), defendant argues that failure to check a box creates a presumption that administrative remedies have not been exhausted, and the presumption can only be overcome if the text of the charge clearly sets forth the basis for the unchecked claim. Defendant

contends that the text of plaintiff's charge does not set forth any allegations of retaliation.

In response, plaintiff argues that while retaliation is not specifically mentioned in the charge, there are sufficient descriptions of harassment and retaliatory conduct in the text of the charge to overcome the presumption. In addition, plaintiff argues that numerous correspondences sent by plaintiff's counsel to defendant and the EEOC, in which plaintiff's counsel asks to amend the charge to include retaliation and further describes retaliatory conduct, are sufficient to demonstrate exhaustion of administrative remedies.

"A plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." MacKenzie v. City & Cnty. of Denver, 414 F.3d 1266, 1274 (10th Cir. 2005). "[T]he charge must contain facts concerning the discriminatory and retaliatory actions underlying each claim." Jones, 502 F.3d at 1186. "The failure to mark a particular box creates a presumption that the charging party is not asserting claims represented by that box." Id. "The presumption may be rebutted, however, if the text of the charge clearly sets forth the basis of the claims." Id.

The text of plaintiff's charge is as follows:

> I. Beginning on or about March 2, 2009, and continuing, I have been subjected to harassment and adverse terms and conditions of employment which has created a hostile work environment. On or about March 2, 2009, I was demoted from my position of Level II Field Technician Dedicated Support Engineering to phone support.
> II. I was told by the company that I had been "reassigned" to that position as a part of the company's restructuring plan.
> III. I believe I have been discriminated against based on my age, 47, in violation of the Age Discrimination in Employment Act of 1990 (ADA), in

> violation of the ADA, in as much as:
> a. I have consistently performed my job duties in a satisfactory manner throughout my employment with the company.
> b. I was immediately demoted after returning to work following my extended leave due to illness.
> c. Following my demotion, I was subjected to harassment and adverse terms and conditions of employment when the company failed to give me the appropriate training, and access to tools needed to perform the duties of my reassigned position. I was issued a fabricated verbal warning under threat of termination on March 20, 2009. I have not received a paycheck from the company on payday March 27, 2009, and have received under $500 total since mid-February 2009.
> d. The company has a history of demoting workers who are older and/or who have had medical issues. Many of these workers are eventually laid-off under the pretext of company resignation.

The text of plaintiff's charge does not appear to set forth a retaliation claim. While the text clearly describes discrimination based on age and "medical issues," there is no mention of retaliation or anything that implies retaliation. More importantly, however, the retaliation claim in plaintiff's Amended Complaint states that retaliatory behavior did not begin until after plaintiff filed his charge with the EEOC and/or a claim with the Colorado Department of Labor. See Am. Compl. ¶ 132. Accordingly, plaintiff's charge cannot, and does not, contain the basis of plaintiff's retaliation claim since the retaliation claimed by plaintiff had yet to occur at the time the charge was filed. See Jones, 502 F.3d at 1186 ("[A]ny adverse employment actions occurring after [the plaintiff] submitted his administrative charge . . . would not fall within the scope of the charge."). Accordingly, the court finds that plaintiff has failed to overcome the presumption that plaintiff did not assert a retaliation claim in his charge.

Plaintiff argues that, even if his charge did not contain a retaliation claim, the purpose of exhaustion was satisfied when plaintiff requested that the charge be amended to include retaliation, and numerous letters were sent to defendant outlining

retaliatory conduct. As plaintiff notes, the purpose of administrative exhaustion is "to give notice of an alleged violation to the charged party and to give the administrative agency an opportunity to conciliate the claim." Woodman v. Runyon, 132 F.3d 1330, 1342 (10th Cir. 1997). Plaintiff argues that a faxed message sent to the EEOC on June 2, 2009, in which plaintiff's counsel requests that retaliation be added to his charge, was sufficient to give the EEOC an opportunity to conciliate the retaliation claim. See Docket No. 35, Ex. 3.

The court does not agree with plaintiff. The court can find no authority supporting the proposition that exhaustion may be achieved by making an informal request to the EEOC that an additional form of discrimination be added to an already filed charge. Indeed, such a procedure is clearly incompatible with the rejection of the "continuing violation" theory.

Before 2002, the Tenth Circuit recognized the "continuing violation" theory, under which exhaustion was not required "when the unexhausted claim is for discrimination like or reasonably related to the allegations of the EEOC charge." Simms v. Okla. ex. Rel Dep't of Mental Health & Substance Abuse Servs., 165 F.3d 1321, 1327 (10th Cir. 1999. Most retaliatory acts subsequent to an EEOC filing were considered "reasonably related." Id. However, after the Supreme Court's holding in Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002), the Tenth Circuit recognized that the continuing violation theory had been rejected. See Martinez v. Potter, 347 F.3d 1208, 1211 (10th Cir. 2003). Now, "each discrete incident of [discrimination or retaliation] constitutes its own unlawful employment practice for which administrative remedies must be exhausted." Id. at 1210. This is true even for claims of retaliation which occurred after

an EEOC charge was filed. See Duncan v. Manager, Dept. of Safety, City & Cnty. of Denver, 397 F.3d 1300, 1314 (10th Cir. 2005) (stating that the plaintiff must file a separate EEOC charge for retaliatory actions which took place after the original charge was filed).

Plaintiff's claim of retaliation, which occurred after he filed his charge, is a separate incident which requires a separate charge to be filed. Plaintiff's informal fax requesting the addition of the retaliation claim is clearly insufficient in view of the rejection of the continuing violation theory. Even assuming the fax satisfied the purpose of exhaustion, it is nevertheless insufficient in view of the requirements set forth in Martinez and Duncan. Regardless, the purpose of exaustion was not satisifed because the EEOC Recommendation for Dismissal/Closure does not mention any allegations of retaliation. See Docket No. 36, Ex. B. As such, plaintiff's faxed message did not act to amend plaintiff's charge, and thus was insufficient to give the EEOC an opportunity to conciliate the retaliation claim.

Accordingly, the court finds that plaintiff failed to exhaust administrative remedies as to his retaliation claim, and therefore the court does not have subject matter jurisdiction over Claim Five and it must be dismissed.

**Plaintiff's Wrongful Termination Claim**

A state tort claim, such as wrongful discharge, may be preempted if it seeks to redress actions somehow associated with the employer's ERISA plan. See Wilcott v. Matlack, Inc., 64 F.3d 1458, 1462 (10th Cir. 1995). The relevant inquiry is whether "the factual basis of the cause of action involves an employee benefit plan." Settles v. Golden Rule Ins. Co., 927 F.2d 505, 509 (10th Cir. 1991). Accordingly, if a state law

claim is based on the proposition that the employer discharged the employee to avoid paying disability benefits, preemption is required. See Wilcot, 64 F.3d at 1462; see also Johnson v. E.A. Miller, Inc., No. 97-4200, 1999 WL 94827, at *5 (10th Cir. Feb. 25, 1999); Thurkill v. The Menninger Clinic, Inc., 72 F. Supp. 2d 1232, 1235 (D. Kan. 1999) (stating that the court focuses on the employer's alleged motivation in terminating the employee). However, "notwithstanding the presence of an ERISA plan, if the factual basis of the suit is independent of the rights and duties of the plan," preemption is not required. Wilcot, 64 F.3d at 1462.

Plaintiff's wrongful discharge claim, as pled and as argued in plaintiff's response, falls within the scope of § 510 of ERISA, which makes it unlawful for an employer to terminate an employee "for exercising any right to which he is entitled under the provisions of an employee benefit plan." 29 U.S.C. § 1140 (§ 510 of ERISA). See Docket No. 35, at 3-4 ("As Plaintiff indicates in his Amended Complaint, he was terminated after exercising his right as an employee of [defendant] to seek long term disability benefits."). The factual basis for plaintiff's wrongful discharge claim is fully intertwined with plaintiff's long term disability benefits. Plaintiff alleges he was wrongfully terminated because he was on long term disability (and necessarily he was removed from long term disability so he could be terminated). In other words, plaintiff claims he was terminated so defendant would not have to continue paying disability benefits.

Accordingly, taking all well-pled factual allegations in plaintiff's Amended Complaint as true, and resolving all reasonable inferences in plaintiff's favor, Claim Six is preempted and must be dismissed by the court.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that Defendant Ball Aerospace & Technologies Corporation's Motion for Partial Dismissal (Docket No. 21) be **GRANTED**, and plaintiff's fifth and sixth claims be dismissed.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colo. Dep't of Corr., 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: May 24, 2012
Denver, Colorado

s/ Michael J. Watanabe
Michael J. Watanabe
United States Magistrate Judge