IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03248-MSK-MJW

ALAN C. LAMMLE,

Plaintiff(s),

v.

BALL AEROSPACE & TECHNOLOGIES CORPORATION, a Delaware corporation,

Defendant(s).

---

**ORDER REGARDING**

**(1) PLAINTIFF'S MOTION FOR PROTECTIVE ORDER (DOCKET NO. 39);**

**(2) PLAINTIFF'S MOTION TO QUASH SUBPOENA (DOCKET NO. 40);**

**AND**

**(3) DEFENDANT'S MOTION FOR SANCTIONS (DOCKET NO. 49)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on (1) Plaintiff's Motion for Protective Order (docket no 39), (2) Plaintiff's Motion to Quash Subpoena (docket no. 40), and (3) Defendant's Motion for Sanctions (docket no. 49).

The court has reviewed the subject motions, the responses (docket nos. 44, 48, and 53) and the reply (docket no. 51). In addition, the court has taken judicial notice of the court's file and the case of <u>Amy Jane Simons, Alan C. Lammle et al. vs. KB Home, a Delaware corporation</u>, case no. 10-cv-1119, filed in the Arapahoe County District Court. Furthermore, the court has considered applicable Federal Rules of Civil Procedure and

2

case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Plaintiff's claims for relief are for breach of contract, deprivation of substantive and procedural due process, discrimination based on the Americans with Disabilities Act, discrimination based on age, intentional infliction of emotional distress, hostile work environment, retaliation, and wrongful termination. See Amended Complaint (docket nos. 15 and 16);

5. That Plaintiff seeks the following relief in this lawsuit:

    a. Damages for all injuries suffered by Plaintiff including but not limited to damages for economic losses and damages for his loss of employment, earnings, benefits, security, and earning capacity, past and future, loss of professional and career opportunities, loss of confidence in abilities, and damage to reputation;

    b. His non-economic losses, suffering, and damages, for

3

mental anguish, emotional distress, depression, anxiety, PTSD, loss of enjoyment of life, loss of consortium, loss of relationships, shame, humiliation, embarrassment, worry, and other suffering;

c. Reimbursement for medical expenses and for future medical expenses for all physical and mental health impairments;

d. Compensation for the causation and exacerbation of his physical and mental health medical issues;

e. Any other liquidated damages available;

f. All related and applicable consequential and incidental damages;

g. Other appropriate and related legal and equitable relief, including reinstatement with back pay and damages;

h. Interest on damages at the highest legal rate, including interest at 8 percent per annum under Section 5-12-102, C.R.S., as amended, from the time of the termination of his employment, from December 1, 2010, through the date of judgment, and from the time of judgment through payment;

I. All costs, expenses, and reasonable attorney's fees as allowed by law, including witness expenses, expert witness fees and travel expenses; and,

j. Such other and appropriate relief as to the Court may seem just and proper under the circumstances.  See Amended

4

Complaint (docket nos. 15 and 16);

6. That in Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964), the Supreme Court stated that Rule 35 "require[s] an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." The burden of demonstrating good cause rests with the moving party. See Doe v. District of Columbia, 229 F.R.D. 24, 26 (D.D.C. 2005). The requirement of good cause is not a formality; the court must genuinely balance the need for the information with the right to privacy and safety of the party. Schlagenahuf, 379 U.S. at 118. Rule 35 states that the examination may be conducted by a suitably licensed or certified examiner. Fed. R. Civ. P. 35(a)(1). Psychiatric examinations are allowable if a person's mental condition is at issue, and the examination may be conducted by a psychiatrist or psychologist. When permanent injuries are claimed or under other appropriate circumstances, the court may allow a second examination just before trial. See Galieti v. State Farm Mut. Auto. Ins. Co., 154 F.R.D. 262 (D. Colo. 1994). A stronger showing of necessity is usually required for a second examination. Furlong v. Circle Line Statue of Liberty Ferry, Inc., 902 F. Supp. 65, 70 (S.D.N.Y. 1995). Lastly, the court has discretion to determine who may be present at the examination. Galieti, 154 F.R.D. at 263-65;

5

7. That in this case, Plaintiff contends that he has suffered and continues to suffer extreme medical issues including neuropathy, chronic pancreatitis, type 1 brittle diabetes, panic/anxiety attacks, chest pain, stomach pain, nausea, concentration issues, and other complications as well as depression, feelings of lack of self worth and rejection due to the action and inaction of Defendants. In addition, as a result of Defendant's acts and omissions as described above, Plaintiff allegedly has been physically and mentally unable to led his life in a normal manner and has suffered emotional harm, mental anguish, loss of consortium, and loss of enjoyment of life. See paragraph 154 in the Amended Complaint (docket nos. 15 and 16). Plaintiff has placed his medical, physical, mental, and emotional condition, as well as his vocational capabilities, "in controversy." *See* paragraph 5 above and also see Prayer for Relief in the Amended Complaint (docket nos. 15 and 16);

8. That Defendants have demonstrated a strong showing of necessity for a psychological IME. Defendants have further demonstrated that Plaintiff has placed "in controversy" whether Plaintiff has suffered all of the injuries as claimed above in paragraph 7;

9. That pursuant to Hayes v. District Court, 854 P.2d 1240 (Colo. 1993), the Colorado Supreme Court held that it is within the trial court's discretion to decide whether a third-party [i.e., an attorney or

6

someone else] should be allowed to be present during an IME. Here, I find there is no need to have a third-party representative, namely, Plaintiff's counselor and/or therapist Lori Frey, present during Plaintiff's psychological IME conducted by Dr. Robin Post, a licensed psychologist. I also find that Plaintiff would not be prejudiced by not having Ms. Frey present during his psychological IME. Additionally, Plaintiff has failed to demonstrate "good cause" to allow Plaintiff to record the psychological IME. This court notes that Dr. Post will be preparing her report consistent with Fed. R. Civ. P. 26(a)(2)(B) following the psychological IME of Plaintiff, and Plaintiff will also have the opportunity to depose Dr. Post after she completes her report. See Ghiasy v. Kroger Co., Civil Action No. 11-cv-01667-WJM-MJW, Docket No. 52 (D. Colo. Feb. 24, 2012) (finding a lack of good cause for the presence of a recording device during plaintiff's psychological evaluation) (citing Galieti v. State Farm Mut. Ins. Co., 154 F.R.D. at 265). Further, I find that the information that is being requested by Defendants from Aetna is probative, relevant, and discoverable; and

10. That as to the Fed. R. Civ. P. 45 subpoena served upon KB Homes, I find that the attorney-client privilege does not apply to the documents being requested in the subject subpoena. In addition, I find that the documents are probative, relevant, and discoverable, noting the injuries being claimed and the damages being sought by

7

Plaintiff which include, but are not limited to, loss of consortium and loss of enjoyment of life. In particular, I find that such records by KB Home are relevant on the issue of causation, noting that Plaintiff and his wife were alleging similar injuries and seeking similar damages in their Arapahoe County District Court case no. 10-cv-1119. *See* injuries claimed and damages sought in detail in paragraphs 7 and 8 above and compare to paragraph captioned DEMAND FOR RELIEF on pages 15 and 16 of the Amended Complaint and Jury Demand in the Arapahoe County District Court case no. 10-cv-1119 (docket no. 48-1).

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Plaintiff's Motion for Protective Order (docket no. 39) is **DENIED**;

2. That Plaintiff's Motion to Quash Subpoena (docket no. 40) is **DENIED**;

3. That the parties shall forthwith meet, confer, and set a specific date, time, and location for Plaintiff's psychological IME examination with Dr. Robin Post, a licensed psychologist. This psychological IME shall not be set any sooner than September 28, 2012. Plaintiff shall provide to Defendants a written release for the Aetna records as

8

previously requested by Defendants on or before September 28, 2012;

4. That Defendant's Motion for Sanctions (docket no. 49) is **DENIED**; and

5. That each party shall pay their own attorney fees and costs for these motions.

Done this 18th day of September 2012.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE