IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03248-MSK-MJW

ALAN C. LAMMLE,

Plaintiff(s),

v.

BALL AEROSPACE & TECHNOLOGIES CORPORATION, a Delaware corporation,

Defendant(s).

---

**MINUTE ORDER**

---

**Entered by Magistrate Judge Michael J. Watanabe**

 Before the court is the pro se plaintiff's Motion for In Person Hearing to Be Cancelled (Docket No. 95) in which plaintiff makes several requests of the court.

 It is hereby **ORDERED** that the Motion for In Person Hearing to Be Cancelled (Docket No. 95) is **GRANTED IN PART AND DENIED IN PART** as detailed below.

 Plaintiff's request for the recusal of Magistrate Judge Watanabe is **DENIED**. A judge or magistrate judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The goal of this provision is to avoid even the appearance of partiality. See Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 860 (1988). Under § 455(a), "factual allegations need not be taken as true, and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." Glass v. Pfeffer, 849 F.2d 1261, 1268 (10th Cir. 1988) (internal quotations omitted). The standard is wholly objective, and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. See United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993).

 Subsection (b) of § 455 sets forth more particularized situations in which a judge must disqualify himself, see Liljeberg, 486 U.S. at 871, none of which applies to the instant action. A litigant's disagreement with judicial rulings is insufficient to demonstrate that disqualification is appropriate pursuant to § 455(a) or (b). See Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). Here, plaintiff has made no showing that reasonably questions Magistrate Judge Watanabe's impartiality. Plaintiff merely disagrees with this court's rulings and handling of this case. Accordingly, his

request for recusal is denied.

In his motion, plaintiff once again states that he does not consent to any involvement by the magistrate judge. In an Order entered November 2, 2012, however, Judge Krieger denied the plaintiff's motion for Judge Krieger to hear all motions and to conduct all hearings and status conferences. (Docket No. 89). Judge Krieger stated in her Order:

> The Plaintiff objects to the Magistrate Judge conducting hearings and other proceedings in this action. The parties' consent is required for the Magistrate Judge to exercise full jurisdiction over all aspects of the case under 28 USC §636(c), and the Court will deem the Plaintiff's motion to reflect the Plaintiff's refusal to grant such consent. However, the parties' consent is *not* required for the Magistrate Judge to decide matters referred to him under 28 USC §636(b)(1)(A), or to make recommendations on matters referred to him under 28 USC §636(b)(1)(B). In those respects, the Court intends to continue to refer such matters to the Magistrate Judge where appropriate, notwithstanding the Plaintiff's objection, with every confidence that the Magistrate Judge will bring his considerable knowledge, skill, and experience to bear in hearing such matters. The Plaintiff, of course, retains the rights to seek review of such determinations on the terms set forth in that statute.

(Docket No. 89).

Plaintiff's request that "everything be put on hold until [he is] able to get a pro se [sic] attorney" (Docket No. 95 at 4) is **DENIED**. As this court informed plaintiff in its Order entered November 2, 2012 (Docket No. 90), the granting of his motion regarding pro bono counsel does not necessarily mean that an attorney will appear on his behalf in this case. The court will not force or require an attorney to represent the plaintiff. Rather, the court's Order of November 2 (Docket No. 90) merely gives the attorneys on the *pro bono* panel notice that this case might be appropriate for *pro bono* representation and gives them an opportunity to volunteer their time to assist the plaintiff. Moreover, there is a possibility that no attorney might volunteer. Therefore, this court will not stay this case until a pro bono attorney appears.

Plaintiff's request that the November 8, 2012, Status Conference be cancelled is **DENIED WITHOUT PREJUDICE.** The conference will be vacated if the plaintiff is still hospitalized on November 8, 2012. Plaintiff shall advise defense counsel and the court on the morning of November 8, 2012, whether he is still hospitalized, in which case the in-person conference will be vacated, and the plaintiff shall immediately advise the court when he has been released from the hospital so that the Status Conference may be rescheduled.

Plaintiff's request that this court read what he has written from September 4,

3

2012, and what his wife has written "since the magistrate judge had forced her to be [his] temporary attorney at the time Laura Haas made her motion to withdraw" (Docket No. 95 at 5), including his wife's response to the motion requesting a status conference and the e-mail attachments thereto, is **DENIED AS MOOT**.  As this court informed plaintiff during the November 2 hearing, the court has read everything that has been filed in this case.  The court reviewed the e-mail attachments at the time the defendant's motion for a status conference was under consideration.  The court further notes that the court did not force plaintiff's wife to act as plaintiff's counsel.  Plaintiff's wife entered an appearance when this action was commenced (see Docket No. 1 at 41) and was not automatically withdrawn as counsel when attorney Haas entered an appearance.  Rather, withdrawal of an appearance by counsel must be done in accordance with D.C.COLO.LCivR. 83.3(D).  Plaintiff's wife complied with that Local Rule on September 20, 2012 (Docket No. 73), and a ruling was made on her motion to withdraw shortly after the expiration of the time for any response.  (See Docket No. 81).

Plaintiff's request for a recording or transcript of the November 2 telephonic hearing is **GRANTED** to the extent that plaintiff may obtain a transcript or a digital copy of the proceeding upon making such request of the Clerk of Court and paying the requisite fee.

Plaintiff's request on his recent Certificates of Services (see, e.g., Docket Nos. 92, 93, 94, and 95) for the court to serve his documents on the attorneys is **DENIED**.  Plaintiff shall comply with D.C.COLO.LCivR 5.1(G) (Certificate of Service).  It is the plaintiff's responsibility to serve a copy of all filings on defense counsel.

Date: November 7, 2012