IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03248-MSK-MJW

ALAN C. LAMMLE,

Plaintiff(s),

v.

BALL AEROSPACE & TECHNOLOGIES CORPORATION, a Delaware corporation,

Defendant(s).

---

**ORDER REGARDING
PLAINTIFF'S MOTION FOR PROTECTIVE ORDER (Docket No. 117) and
DEFENDANT'S REQUEST FOR SANCTIONS (Docket No. 124)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

Before the court is the plaintiff's Motion for Protective Order (Docket No. 117) in which plaintiff seeks a protective order regarding defendant taking a second deposition of the plaintiff. Defendant Ball Aerospace & Technologies Corporation ("BATC") has filed a response thereto (Docket No. 124) in which it seeks the imposition of sanctions upon the plaintiff based upon his failure to appear at the second deposition that was noticed for December 28, 2012. (See Docket No. 124 at 7-8). The court has carefully considered these motion papers as well as applicable Federal Rules of Civil Procedure and case law and has taken judicial notice of the court's file. The court now being fully informed, makes the following findings, conclusions of law, and order.

Plaintiff's motion for a protective order is groundless. Pursuant to this court's

2

Order entered on November 14, 2012 (Docket No. 108), BATC was given one additional hour to complete plaintiff's deposition, which was to be completed no later than December 30, 2012.  This continued deposition is warranted based upon the plaintiff's failure to timely disclose audio recordings he secretly made for the entire day of each day that he worked at BATC between March 2009 and June 2009, using a tape recorder that he placed in his shirt pocket.

In its First Set of Interrogatories, Requests for Production, and Requests for Admission to Plaintiff (Docket No. 124-1), namely, Document Request No. 5, BATC sought "any and all documents (including tape recordings or other electronic recordings) that refer, reflect or relate to communications by and between [plaintiff] . . . and any employee, supervisor, management representative, officer, or director of Defendant BATC regarding the allegations contained in [plaintiff's] Complaint."  (Docket No. 124-1 at 12).  Plaintiff's response was that any responsive documents had already been produced with plaintiff's Rule 26(a)(1) initial disclosures.  (Docket No. 124-2 at 18).  Plaintiff, however, did not disclose any of the subject audio recordings in his initial disclosures.  In fact, defense counsel did not learn of these recordings until during plaintiff's initial deposition on July 10, 2012, and thus was unable to question plaintiff about them.

Plaintiff complains that he has already been deposed for 7.5 hours and that BATC was allowed only seven hours.  As correctly noted by BATC, however, in its Response (Docket No. 24), Fed. R. Civ. P. 30(d)(1) provides that "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. **The court must allow additional [deposition] time consistent with Rule 26(b)(2) if needed to**

3

**fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.**" Fed. R. Civ. P. 30(d)(1) (emphasis added). Under the circumstances presented here, BATC is entitled to additional time to examine plaintiff fairly and completely with regard to the secret audio recordings he failed to disclose in response to BATC's discovery requests and did not disclose until during his first deposition. Furthermore, as also correctly noted by BATC, and shown by the deposition transcript provided, plaintiff's former counsel, Laura Hass, agreed that the tape recordings should have been provided in response to BATC's prior discovery requests and agreed that the plaintiff's deposition could be held open and continued at some later date after the recordings were produced by plaintiff and reviewed by BATC. (Docket No. 124-4 at 5).

In addition, this court's Order directing this continued deposition has not been stayed. Plaintiff's repeated filing of objections does not automatically stay the Orders that are the subject of his objections.

Furthermore, a protective order is not warranted as a result of a *pro bono* attorney not yet volunteering to represent the plaintiff. As this court already advised plaintiff, both orally and in writing, "**unless and until an attorney agrees to represent [plaintiff] and enters an appearance on his behalf, [plaintiff] remains personally responsible to comply with the court's Orders and deadlines and to take all other actions necessary to continue to pursue this case.**" (Docket No. 90 at 2) (emphasis in bold in original). This court also directed that "because of the possibility that no attorney might volunteer, the court will not consider the fact that *pro bono* counsel has

4

yet to appear to be good cause to extend any deadlines or continue any scheduled matters." (Docket No. 90 at 2). Chief Judge Krieger has herself similarly cautioned plaintiffs for whom *pro bono* counsel was being sought that "[u]nless and until a volunteer attorney is secured, [they] remained personally obligated to comply with all procedures and deadlines established in [their] case." See, e.g., Anderson v. Golder, 2007 WL 2746754, at *4 (D. Colo. Sept. 19, 2007); Crumpton v. Finnin, 2007 WL 2697461, at *11 (D. Colo. Sept. 11, 2007); Brown v. Nalley, 2007 WL 433139, at *7 (D. Colo. Feb. 5, 2007) (cautioning that the Order did not guarantee that a *pro bono* attorney would ultimately appear for the plaintiff, noting that the court will not force an attorney to represent the plaintiff, but instead the Order merely gives the attorneys on the *pro bono* panel notice that the case might be appropriate for *pro bono* representation and gives them an opportunity to volunteer their time to assist plaintiff).

Also, both Chief Judge Krieger and the undersigned have already ruled on plaintiff's motions for recusal. (Docket Nos. 97 and 99). In addition, Chief Judge Krieger has already ruled on plaintiff's motion regarding the undersigned conducting hearings and other proceedings in this action. (Docket No. 89). Therefore, plaintiff's repeated arguments concerning recusal and seeking Judge Krieger's involvement are not a basis for a protective order being issued.

The court further finds that sanctions are warranted based upon the plaintiff's failure to appear at the court-ordered deposition on December 28, 2013. See Fed. R. Civ. P. 30(d)(2) ("The court may impose an appropriate sanction-including the reasonable expenses and attorney's fees incurred by any party-on a person who impedes, delays, or frustrates the fair examination of the deponent."), 37(b)(2)(C);

5

37(d)(1)(A)(i); 28 U.S.C. § 1927. According to BATC, on November 15, 2012, its counsel e-mailed plaintiff, proposing that the deposition be completed on December 28, 2012. (See Docket No. 124-6). Defense counsel informed plaintiff in that e-mail that BATC would send a notice for his deposition and schedule a court reporter for that date unless plaintiff indicated that he would be unavailable on that date. According to defense counsel, plaintiff did not respond to that e-mail, and therefore, on December 18, 2012, plaintiff was served with a Notice of Deposition which informed him that his deposition would be completed on December 28, 2012, at 1:00 p.m. (Docket No. 124-7). Four days before that deposition was to be conducted, however, plaintiff e-mailed defense counsel stating he did not intend to appear for the court-ordered deposition until his objection was ruled upon. (Docket No. 124-8). Defense counsel then responded that (1) plaintiff's deposition had been property noticed in accordance with the November 14, 2012, court Order, (2) BATC would not be cancelling plaintiff's deposition, and (3) BATC would seek sanctions against plaintiff if he failed to appear for his deposition as scheduled. (Docket No. 124-8).

There is no evidence that plaintiff responded to that e-mail before the deposition, advising that he was still not going to appear and/or that he was filing his motion for a protective order. BATC thus was prepared to go forward with the deposition as noticed, but due to plaintiff's failure to appear, defense counsel concluded the deposition at 1:17 p.m. (Docket No. 124-9). Seven minutes later, at 1:24 p.m., a Notice of Electronic Filing was issued for the instant Motion for Protective Order. (Docket No. 117). That was the first notice of the motion that was received by defense counsel. Although plaintiff's Certificate of Service at the end of his motion states that plaintiff mailed a copy

6

of that motion to defense counsel on December 26, 2012, defense counsel represents that it was not received until January 4, 2013.

BATC was billed $423.84 by the court reporter and videographer for the noticed deposition. (Docket No. 124-10). Those expenses could have been avoided had plaintiff timely advised defense counsel that he had filed the motion for a protective order. In view of that fact, as well as this court's finding above that plaintiff's motion was groundless, this court further finds that the plaintiff has unreasonably multiplied this proceedings, has impeded BATC's ability to conduct a fair and complete deposition, and has failed to comply with this court's order directing that the deposition be held, and, therefore, BATC should be awarded sanctions, namely, the $423.84 it needlessly incurred on December 28, 2012.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that the plaintiff's Motion for Protective Order (Docket No. 117) is **DENIED**.

It is further **ORDERED** that on or before February 12, 2013, plaintiff shall appear for his continued deposition by defendant, limited to one hour. Plaintiff and defense counsel shall confer regarding the date and time for this deposition. Defendant shall then notice the deposition and file a copy of that notice with the court. Plaintiff is advised that failure to appear for this continued deposition may result in the imposition of sanctions, which could include a recommendation that this action be dismissed with prejudice as well as payment of the defendant's attorney fees and costs incurred as a result of plaintiff's failure to appear.

7

It is further **ORDERED** that on or before January 31, 2013, plaintiff shall show cause in writing why sanctions (namely, payment to defendant of $423.84) should not be imposed as a result of his failure to appear at the court-ordered deposition on December 28, 2012, and his failure to advise defendant timely that he would not so appear and had filed a motion for a protective order.  If plaintiff files a written response, then defendant shall have ten (10) days in which to file a reply.

Done this 17th day of January, 2013.

s/ Michael J. Watanabe
Michael J. Watanabe
United States Magistrate Judge