IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03248-MSK-MJW

ALAN C.  LAMMLE,

Plaintiff(s),

v.

BALL AEROSPACE & TECHNOLOGIES CORPORATION, a Delaware corporation,

Defendant(s).

---

**ORDER REGARDING
(1) SANCTIONS FOR PLAINTIFF'S FAILURE TO APPEAR AT THE
DECEMBER 28, 2012, DEPOSITION
and
(2) DEFENDANT'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P.
30(d)(2), 37(d)(1)(A), and 28 U.S.C. § 1927 (Docket No. 134)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

Before the court are two matters.  The first matter is whether sanctions should be imposed based upon the plaintiff's failure to appear at the noticed December 28, 2012, deposition.  On January 17, 2013, after making findings regarding plaintiff's motion for a protective order concerning that deposition, this court directed plaintiff to "show cause in writing why sanctions (namely, payment to defendant of $423.84) should not be imposed as a result of his failure to appear at the court-ordered deposition on December 28, 2012, and his failure to advise defendant timely that he would not so appear and had filed a motion for a protective order."  (Docket No. 127).  Plaintiff timely filed such response (Docket No. 129).

The second matter before the court is the defendant's Motion for Sanctions

2

Pursuant to Fed. R. Civ. P. 30(d)(2), 37(d)(1)(A), and 28 U.S.C. § 1927 (Docket No. 134) in which defendant seeks to have sanctions imposed based upon the plaintiff's failure once again to appear for his deposition on February 7, 2013.  On March 7, 2013, this court granted plaintiff's motion (Docket No. 139) for an extension of time to respond to the defendant's motion.  (Docket No. 142).  Plaintiff was given up to and including March 29, 2013, to file such response, and plaintiff was advised that "[n]o further extensions will be granted."  (Docket No. 142).  Plaintiff, however, nevertheless sought a further extension of this response deadline until after Chief Judge Krieger ruled on plaintiff's motion for administrative closure.  (Docket No. 145 - plaintiff's motion for extension filed March 21, 2013).  On April 2, 2013, Chief Judge Krieger denied plaintiff's motion to administratively close the case and also granted plaintiff "an extension of 14 days from today's date in which to comply with any pending deadline."  (Docket No. 146).  Therefore, plaintiff's response was due on or before April 16, 2013.  However, on April 15, 2013, plaintiff filed an "emergency motion" in which he requested, among other things, an extension of any response deadlines so that the emergency motion could be ruled on first.  (Docket No. 148).  That motion was denied by Chief Judge Krieger the following day for failure to comply with D.C.COLO.LCivR 7.1A.  (Docket No. 149).  Plaintiff then filed a revised emergency motion on April 17, 2013.  (Docket No. 150).  Yesterday, however, Chief Judge Krieger denied that motion, including plaintiff's request for additional extensions of time to comply with pending deadlines.  (Docket No. 151).  Consequently, the motion for sanctions (Docket No. 134) is now ripe for ruling.

        The court has carefully considered the plaintiff's response to the order to show cause (Docket No. 129), the defendant's motion (Docket No. 134), the affidavits filed by

the plaintiff (Docket No. 131) and his wife (Docket No. 130) which include their

explanation for plaintiff's failure to appear at the court-ordered deposition on February 7,

and applicable Federal Rules of Civil Procedure and case law.  In addition, the court has

taken judicial notice of the court's file.  The court now being fully informed, makes the

following findings, conclusions of law, and order.

**Sanctions for Failing to Appear for the December 28 Deposition**

Pursuant to this court's Order entered on November 14, 2012 (Docket No. 108),

defendant was given one additional hour to complete plaintiff's deposition, which was to

be completed no later than December 30, 2012.  As more fully discussed in an Order by

this court regarding plaintiff's motion for a protective order (see Docket No. 127 - Minute

Order entered January 17, 2013), this continued deposition was warranted based upon

the plaintiff's failure to timely disclose audio recordings he secretly made for the entire

day of each day that he worked at Ball Corporation between March 2009 and June

2009, using a tape recorder that he placed in his shirt pocket.

Defendant noticed that continued deposition for December 28, 2012, but plaintiff

failed to appear.  This court found that the expense incurred by defendant ($423.84) for

the court reporter and videographer for the noticed deposition (see Docket No. 124-10)

could have been avoided had plaintiff timely advised defense counsel that he had filed

the motion for a protective order.  In view of that fact, as well as this court's finding that

plaintiff's motion for a protective order was groundless, this court further found that the

plaintiff had unreasonably multiplied the proceedings, had impeded defendant's ability to

conduct a fair and complete deposition, and had failed to comply with this court's order

directing that the deposition be held.  (Docket No. 127).  Consequently, this court found

4

that the defendant should be awarded sanctions, namely, the $423.84 it needlessly incurred on December 28, 2012.  Plaintiff was given an opportunity to be heard on this request for sanctions.  He filed his response to this court's order regarding sanctions. (Docket No. 129).  The court has carefully considered that response but nevertheless finds that defendant should be awarded the fees for the court reporter and videographer.

The record reflects that on November 15, 2012, defense counsel e-mailed plaintiff, proposing that the deposition be completed on December 28, 2012.  (See Docket No. 124-6).  Defense counsel informed plaintiff in that e-mail that defendant would send a notice for his deposition and schedule a court reporter for that date unless plaintiff indicated that he would be unavailable on that date.  Plaintiff, however, did not respond to that e-mail, and therefore, on December 18, 2012, plaintiff was served with a Notice of Deposition which informed him that his deposition would be completed on December 28, 2012, at 1:00 p.m.  (Docket No. 124-7).  Four days before that deposition was to be conducted, however, plaintiff e-mailed defense counsel stating he did not intend to appear for the court-ordered deposition until his objection was ruled upon. (Docket No. 124-8).  Defense counsel then responded via e-mail, stating that (1) plaintiff's deposition had been property noticed in accordance with the November 14, 2012, court Order, (2) defendant would not be cancelling plaintiff's deposition, and (3) defendant would seek sanctions against plaintiff if he failed to appear for his deposition as scheduled.  (Docket No. 124-8).

Plaintiff did not respond to that e-mail before the deposition to advise he was still not going to appear, nor did he e-mail defense counsel to advise that he was going to

5

file or had filed a motion for a protective order with respect to that deposition.  Plaintiff's

motion for a protective order was not filed with the Clerk's Office until less than 24 hours

prior to the noticed deposition; the Clerk's Office date/time stamp reflects that it was

received on December 27, 2012, at 2:08 p.m.  It was not placed on the court's electronic

filing system until minutes after the deposition (at which plaintiff failed to appear) was

concluded.  While the court acknowledges that the plaintiff cannot electronically file his

own documents, plaintiff has made no showing that there was anything that prevented

him from advising defense counsel that he would not be appearing the next day and/or

that he had filed his motion for a protective order.

It appears from the record that all of the plaintiff's communications with defense

counsel concerning the deposition were via e-mail, yet plaintiff conveniently and

perhaps strategically did not bother to e-mail or telephone defense counsel to advise

that he had filed the motion.  Instead, he merely sent a copy to defense counsel by

regular mail, which was not received until January 4, 2013.  Due to the lack of timely

notice that plaintiff was not going to appear and had filed a motion for a protective order,

defendant properly concluded that the deposition would be held as noticed, did not

cancel the court reporter and videographer, and was prepared to go forward with the

deposition as noticed.

Given all of the e-mail communications between plaintiff and defense counsel

regarding this deposition, particularly defense counsel's response that he would not be

cancelling it (Docket No. 124-8), and given the entire record in this case, this court finds

that plaintiff's failure to advise defense counsel that he was filing the motion and would

not be appearing was yet another action by the plaintiff to impede the orderly

progression of this case.  Accordingly, this court finds that sanctions are warranted and

that the plaintiff should pay the defendant $423.84 for the court reporter and

videographer who needlessly appeared for plaintiff's deposition on December 28.

**Sanctions for Failing to Appear at the February 7 Deposition**

In the January 17, 2013, Order, this court also directed that on or before

February 12, 2013, plaintiff was to appear for his continued deposition by defendant,

limited to one hour.  (Docket No. 127 at 6).  Plaintiff and defense counsel were directed

to confer regarding the date and time for this deposition, and defendant was ordered to

then notice the deposition.  (Docket No. 127 at 6).  This court advised the plaintiff in that

Order that "failure to appear for this continued deposition may result in the imposition of

sanctions, which could include a recommendation that this action be dismissed with

prejudice as well as payment of the defendant's attorney fees and costs incurred as a

result of plaintiff's failure to appear."  (Docket No. 127 at 6).

As a result of that Order, defense counsel sent plaintiff an e-mail message on

January 29, 2013, reminding plaintiff that his deposition needed to be completed by

February 12 and proposing that it be scheduled on February 7, 2013, at 2:00 p.m.

(Docket No. 134-1).  Defense counsel further stated that if plaintiff was unavailable, to

please respond by the following afternoon so that the deposition could be scheduled for

another time.  (Docket No. 134-1).  Despite this court's directive that plaintiff and

defense counsel were to confer regarding the date and time for this deposition, plaintiff

did not respond to defense counsel's e-mail.  Defense counsel thus noticed the

deposition for February 7, 2013, at 2:00.  That Notice of Deposition was served on

plaintiff on January 31, 2013, via e-mail, regular mail, and hand-delivery.  (Docket No.

134-2, 134-3 at 4).  Plaintiff acknowledges receiving the notice.  (See Docket No. 131 at 1).  Nevertheless, he yet again failed to appear.  Defendant was billed $423.93 for the court reporter and videographer who did appear.  Early the following morning, February 8, 2013, plaintiff and his wife each filed an affidavit regarding the plaintiff's failure to appear.  (Docket Nos. 130 and 131).  According to plaintiff, he intended to be present for the deposition, but he mistakenly believed that Friday, February 8, was actually February 7, the date of the deposition.  He claims that because of the morphine he was using, he has severe cognitive and memory issues that affect his ability to process complete thoughts.  (Docket No. 131).  He claims he kept thinking the deposition was on Friday and did not realize it was actually the day before until he printed the Notice of Deposition on Friday and handed it to his wife, who was going to drive him to the deposition.  (Docket No. 131).

Defendant questions whether these affidavits were prepared on February 8, 2013, as they purport.  (Docket No. 134).  Defendant asserts that sanctions are entirely warranted, noting that this was now the second such occurrence of plaintiff's failure to appear for his continued deposition which resulted in defendant unnecessarily incurring expenses in conjunction with a properly-noticed deposition.  Defendant seeks an award of appropriate sanctions, including, but not limited to, the $423.93 it needlessly incurred, pursuant to Fed. R. Civ. P. 30(d)(2) and 37(d)(1)(A), as well as 28 U.S.C. § 1927.

Rule 30(d)(2) of the Federal Rules of Civil Procedure provides that "[t]he court may impose an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party–on a person who impedes, delays, or frustrates the fair examination of the deponent."  Fed. R. Civ. P. 30(d)(2).  Rule 37(d)(1)(A)

8

provides in pertinent part that "[t]he court where the action is pending may, on motion, order sanctions if: (i) a party . . . fails, after being served with proper notice, to appear for that person's deposition . . . ."  Fed. R. Civ. P. 37(d)(1)(A).   Section 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any court of the Untied States . . .  who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.

The court acknowledges plaintiff's claims that he suffers from various medical conditions and uses various medications, which purportedly create cognitive issues. Nevertheless, given the history of this case, the court questions plaintiff's claimed intent to appear as directed for the February 7 deposition.  He has had the mental clarity and ability to make detailed arguments concerning all aspects of prior rulings with which he disagrees.[1]  Furthermore, plaintiff has repeatedly failed to perform many of the obligations that he has had as a plaintiff in this case, including several failures to appear, has consistently sought continuances or extensions, and repeatedly resisted the continued deposition.  Defendant continues to be prejudiced by plaintiff's persistent failure to prosecute this case in an orderly and timely fashion and to comply with orders of this court.  This court thus finds that plaintiff's failure to appear for the February 7 deposition warrants the imposition of sanctions pursuant to Fed. R. Civ. P. 30(d)(2),

---

[1]Chief Judge Krieger similarly noted recently that "[h]e has health issues that make it hard for him to represent himself, and he has failed to perform many of the obligations that he has had as a Plaintiff in this case.  He objects to many rulings of the Magistrate Judge and believes that they are based on bias; indeed in his motions and briefing he takes full opportunity to point out all aspects of prior rulings with which he disagrees . . . ."  (Docket No. 146).

9

namely, an award to the defendant for the expenses needlessly incurred that day for the court reporter and videographer.  See BoomJ.com v. Pursglove, 2011 WL 1257207 (D. Nev. Apr. 1, 2011) (Plaintiff's use of Vicodin for health complications impacted his ability to answer deposition questions, and while there was no indication Vicodin was used to impede the deposition, defendant was entitled to the reimbursement of the reasonable costs of the cancelled deposition, including court reporter fees.) (citing Rule 30(d)(2)).

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that on or before June 7, 2013, plaintiff shall pay defendant $423.84 for the court reporter and videographer who appeared for the plaintiff's deposition on December 28, 2012.  It is further

**ORDERED** that the defendant's Motion for Sanctions Pursuant to Fed. R. Civ. P. 30(d)(2), 37(d)(1)(A), and 28 U.S.C. § 1927 (Docket No. 134) is GRANTED.  On or before June 7, 2013, plaintiff shall pay defendant $423.93 for the court reporter and videographer who appeared for plaintiff's deposition on February 7, 2013.

Done this 7th day of May, 2013.

s/ Michael J. Watanabe
Michael J. Watanabe
United States Magistrate Judge